UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOSOUD ALEMARAH,

    Plaintiff,                                     Civil Action No. 18-CV-11720

vs.                                                      HON. BERNARD A. FRIEDMAN

GENERAL MOTORS LLC and
SUSAN SCHNEIDER,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
REQUEST FOR A REFUND OF THE FILING FEE**

This matter is presently before the Court on plaintiff's request for a refund of the filing fee [docket entry 5]. For the reasons stated below, this request is denied.

Plaintiff has brought this employment discrimination action against her former employer and former supervisor. Shortly after the complaint was filed, the Court issued the following order:

> This is an employment discrimination action in which plaintiff alleges that she was subjected to a hostile work environment, and that she was eventually discharged, because of her gender, religion, and race, and in retaliation for complaining to management about workplace harassment. While this Court's jurisdiction allegedly is based on 28 U.S.C. § 1332, the complaint fails to allege the states of which defendants are citizens. Regarding the individual defendant, the complaint alleges only that she "was Plaintiff's Manager when she worked for the Defendant Company." Compl. ¶ 2. Regarding defendant General Motors, the complaint alleges only that it is "a foreign corporation." *Id*. ¶ 4. However, a corporation is a citizen both of the state where is was incorporated and the state where it has its principal place of business, see 28 U.S.C. § 1332(c)(1), and so far as the Court is aware, General Motors has its principal place of business in Detroit. *See, e.g., General Motors LLC v. Clark-Cutler-McDermott Co.*, No. 16-cv-12246 (E.D. Mich.) (ECF No. 1, Pg ID 4: "Plaintiff is a Delaware limited liability company with its principal place of

> business in Detroit, Michigan."); *Saab Auto. AB v. Gen. Motors Co.*, 953 F. Supp. 2d 782, 784 (E.D. Mich. 2013).
>
> As plaintiff alleges that she is a "resident of Wayne County Michigan," Compl. ¶ 4, and therefore a citizen of the State of Michigan, this Court lacks diversity jurisdiction if either of the defendants is also a citizen of Michigan because "diversity must be 'complete,' i.e., all parties on plaintiffs' side must be diverse from all parties on defendants' side." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 584–85 (2005). Accordingly,
>
> IT IS ORDERED that plaintiff show cause within ten days of the date of this order why the Court should not dismiss the complaint for its failure to allege facts showing that this Court may exercise subject matter jurisdiction. Plaintiff may respond to this order by filing an amended complaint that sufficiently alleges the states of which all parties are citizens. If plaintiff fails to show, by amendment of the complaint or otherwise, that this Court may exercise subject matter jurisdiction, the Court shall dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3).

*Alemarah v. Gen. Motors LLC*, No. 18-11720 (E.D. Mich. 2018) (show cause order issued June 4, 2018).

In response to this order, plaintiff has voluntarily dismissed her complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff indicates that "Defense Counsel for GENERAL MOTORS LLC stated he would remove Plaintiffs [sic] case to Federal Court if Plaintiff filed in State Court" and that "Plaintiff therefore filed her lawsuit in Federal Court to prevent it from having to be removed to Federal Court." Withdrawal of Pl.'s Compl. at 2. Plaintiff further indicates that she intends to file a complaint in state court and that she "also filed a complaint with the EEOC and when/if she receives her Right to Sue letter she will be filing her federal claims in this court." *Id.* at 3.

Plaintiff requests that the Court return the $400 filing fee she paid when she filed the instant complaint. The Court has reviewed the cases plaintiff has cited, in which the Court ordered

2

a refund of the filing fee (or of the partial filing fee plaintiff had paid),[1] but does not find that they support such a request in the present case for three reasons. First, none of these cases cite any statutory or regulatory authority that would permit the Court to refund the filing fee. *Bell* cites another district court order, *Schweitzer v. U.S. Bureau of Prisons*, No. CIV. 3:CV-06-1940, 2006 WL 3199154 (M.D. Pa. Nov. 3, 2006), which cites no authority. *Goode*, *McCarthy*, and *Ahmad* cite no authority. And *Spearman* cites *Ahmad.*

Second, in all of the cited cases the plaintiffs were proceeding pro se and plainly did not know how to draft a proper complaint. The Court expects better from members of the bar.

Third, in two of the five cases (*Bell* and *Spearman*), the plaintiffs claimed financial hardship. In *Bell*, the pro se prisoner plaintiff was unable to pay the $3 initial filing fee and claimed in his motion for voluntary dismissal that the monthly deduction from his prison account to pay the balance of the filing fee caused him and his family "undue hardship." In *Spearman*, the pro se prisoner plaintiff had a negative balance in his prisoner trust account, i.e., no funds at all. In the present case, plaintiff makes no such claim of financial hardship. Indeed, she alleges that until recently she was earning a $105,000 annual salary. Compl. ¶ 84.

In short, plaintiff offers no persuasive authority, and points to no compelling circumstances, which would warrant a refund of the $400 filing fee. The complaint was filed by counsel, who should know that it is improper to file a complaint in a court that lacks subject matter jurisdiction, on behalf of a client who does not claim, and appears not to suffer, financial hardship.

---

[1] Plaintiff cites *Bell v. Wayne Cty. Clerk*, No. CIV. 07-13195, 2008 WL 2026125 (E.D. Mich. May 12, 2008); *Goode v. Muhammad*, No. 18-10314, 2018 WL 705153 (E.D. Mich. Feb. 5, 2018); *Spearman v. Michigan*, No. 2:17-CV-12805, 2017 WL 6371984 (E.D. Mich. Dec. 13, 2017); *McCarthy v. Davis*, No. 11-15381, 2011 WL 6780723 (E.D. Mich. Dec. 27, 2011); and *Ahmad v. Grant*, No. 10-12644, 2010 WL 2756499 (E.D. Mich. July 12, 2010).

Moreover, counsel must have been aware of the public costs incurred by the filing of a complaint, even if it is withdrawn, as in this case, within approximately one week after filing. In this short period of time, Clerk's Office personnel had to issue a summons for each defendant, and the judge's staff, in consultation with the judge and with his approval, had to review the complaint and draft and issue the show-cause order, review plaintiff's response and, now, consider and decide plaintiff's request for a refund. These are all services which are paid for, in part, by the filing fee. Accordingly,

IT IS ORDERED that plaintiff's request for a refund of the filing fee is denied.

IT IS FURTHER ORDERED that plaintiff's complaint is deemed withdrawn, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

Dated: June 12, 2018                                  s/Bernard A. Friedman

Detroit, Michigan                                BERNARD A. FRIEDMAN
                                                         SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2018.

                                                  s/Johnetta M. Curry-Williams
                                                  Case Manager